# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LIONEL ROUSSEL ATANGANA,** | **Civil Action No. 19-069 (MCA)** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **MOHAMED KHAN, et al.,** | |
| **Defendants.** | |

This matter has been opened to the Court by Plaintiff's filing of an Amended Complaint. (ECF No. 5.) The Court previously granted Plaintiff's application to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915, permitted Plaintiff leave to submit an Amended Complaint, and directed the Clerk of the Court to change the nature of suit to 560 Prisoner Petitions.[1]

Under the PLRA, district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). At this stage, the Court need decide whether Plaintiffs' claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] This matter was docketed as a habeas petition; however, upon review, the Court found that it was docketed in error as a habeas petition and is a civil rights complaint. *See* ECF No. 2.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (internal citations and quotation marks omitted).

Plaintiff's Amended Complaint (ECF No. 5) is subject to screening under 28 U.S.C. §

1915(e)(2)(B). The Court has reviewed the Amended Complaint and has determined that the

entire Amended Complaint shall not subject be dismissed at this time.

At the time he filed his Complaint and Amended Complaint, Plaintiff was detained by the

Department of Homeland Security ("DHS").[2] The Amended Complaint asserts violations of his

constitutional rights arising from his arrest and subsequent detention by Immigration and

Customs Enforcement ("ICE") during his removal proceedings.[3] Plaintiff's claims arise under

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),[4] which,

under certain circumstances, creates a cause of action against the federal actors analogous to a §

1983 action against the state actors.[5] Because a government official may only be held personally

liable under *Bivens* "for his or her own misconduct," the plaintiff must allege that "each

Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Iqbal*, 556 U.S. at 676.

---

[2] Plaintiff has since been removed to Cameroon.

[3] Plaintiff asserts that the conduct of Defendants violates his rights under the First, Fourth, Fifth, Sixth and Eighth Amendments. (ECF Nos. 5, Amended Complaint at 10-12.) Although Plaintiff is correct that the Eighth Amendment prohibits cruel and unusual punishment, it applies to convicted prisoners only. *See Ziglar v. Abbasi*, 137 S.Ct. 1843, 1864 (2017). As such, the Court will analyze Plaintiff's conditions of confinement claims under the Fifth Amendment. The right of access to the courts, discussed below, might also arise under the Sixth Amendment's right to counsel; however, the circumstances of the present case do not implicate the Sixth Amendment.

[4] The Court does not construe Plaintiff to raise claims under the Federal Tort Claims Act ("FTCA") because Plaintiff refers only to his constitutional rights.

[5] 42 U.S.C. § 1983 "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar*, 137 S. Ct. at 1854. Congress did not create "a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." *Id.*

In the Amended Complaint, Plaintiff first asserts that Deportation Officer Mohamed

Khan, a resident of New Jersey, interfered with his legal mail on two occasions in 2017 by taking

numerous documents that Plaintiff needed to prove his asylum case and show he should be

released on bond. (ECF No. 5, Amended Complaint at 2.) Plaintiff asserts that he lost his

asylum case in September 2017 because he failed to provide sufficient proof. (*Id.* at 3.) The

Court liberally construes Plaintiff to assert that Defendant Khan, through these actions, interfered

with Plaintiff's legal mail and denied him access to the courts in violation of his constitutional

rights. Both convicted prisoners and pretrial detainees retain a right of access to the courts. *See*

*Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008); *Prater v. City of Philadelphia*, 542 F.

App'x. 135, 138 (3d Cir. 2013). The right of access to the courts is an aspect of the First

Amendment right to petition, *see McDonald v. Smith*, 472 U.S. 479, 482 (1985), and assures

citizens access to courts to present allegations that fundamental constitutional rights have been

violated. *See Wolff v. McDonnell*, 418 U.S. 539, 579 (1974). To establish a claim for denial of

access to the courts, a plaintiff must allege that his access to the courts was impaired, and that he

suffered actual injury because of Defendants' actions. *Jones v. Brown*, 461 F.3d 353, 359 (3d

Cir. 2006). Actual injury results when a prisoner "has been hindered in an effort to pursue a

nonfrivolous legal claim," *id.*, which includes "the loss or rejection of a legal claim." *Oliver v.*

*Fauver*, 118 F.3d 175, 177 (3d Cir. 1997); *see also Lewis v. Casey*, 518 U.S. 343, 349-51 (1996).

At this time, the Court shall proceed the legal mail and access to the courts claims against

Defendant Khan.[6]

---

[6] The Court notes that the Supreme Court has only recognized a *Bivens* remedy in the context of
the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. 388, 91 S.Ct. 1999 (Fourth
Amendment prohibition against unreasonable searches and seizures); *Davis v. Passman*, 442
U.S. 228 (1979) (Fifth Amendment gender-discrimination in the employment context); *Carlson
v. Green*, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishment Clause for
failure to provide inmate adequate medical treatment). The Supreme Court recently held that

Plaintiff also asserts that "a fabricated police report [was] submitted by DHS/ICE counsel Wen Ting Cheng in immigration court in New York as an Interpol Warrant during Plaintiff's Bond hearing on September 27, 2017[.]" (ECF No. 5, Amended Complaint at 7.) Plaintiff has not identified Wen Ting Cheng as a Defendant in this action or explained whether this individual fabricated the police report or even knew that the document was fabricated. (*See* ECF No. 5, Amended Complaint at 9.) Other than the vague allegations discussed above, Plaintiff has provided no facts to suggest that Wen Ting Cheng violated his constitutional rights. As such, the Court will dismiss without prejudice any civil rights claims arising from these bare allegations. *See Iqbal*, 556 U.S. at 678.

The Court will also dismiss the false arrest claims against Deportation Officer H. Folajaiye, Deportation Officer R. Valbrun, and Deportation Officer Bacchus, who are residents of New York. Plaintiff appears to assert that he was falsely arrested by these individual defendants on August 10, 2017. (ECF No. 5, Amended Complaint at 5-6.) The Court construes Plaintiff to assert that these Defendants violated his rights under the Fourth Amendment, which provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV.

---

"expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants. *Ziglar* 137 S.Ct. at 1857 (citations omitted). Post-*Ziglar*, courts must conduct a two-part test to determine a claim for relief expands the *Bivens* remedy to a new context or category of defendants. 137 S.Ct. at 1859, 1864. The Court reserves on this issue and declines to dismiss Plaintiff's legal mail and access to the courts claims without adequate briefing.

Government seizure of an individual only violates the Fourth Amendment if the seizure was unreasonable. *United States v. Coleman*, 383 F. App'x. 180, 184 (3d Cir. 2010). Ordinarily, a seizure must be conducted pursuant to a warrant based on probable cause to be reasonable under the Fourth Amendment. *Id.* at 182–183. It is typically reasonable for an officer to assume that a warrant has been issued for probable cause. *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 272 (3d Cir. 2000). In *Bivens*, the Supreme Court recognized an implied private right of action for damages against federal officials who have violated a person's Fourth Amendment rights. 403 U.S. 388.

Plaintiff bases his false arrest claim on two factual allegations: 1) he had committed no crimes to justify his arrest by ICE and 2) he had an asylum application pending at the time of his arrest by ICE. The Court relies on the exhibits filed with Plaintiff's initial Complaint and in his habeas case previously before this Court in assessing Plaintiff's Fourth Amendment claim. Plaintiff is a native and citizen of Cameroon, and was admitted to the United States as a nonimmigrant for a period not to exceed August 17, 2015. Plaintiff was initially detained pursuant to DHS's discretionary detention authority under 8 U.S.C. § 1226(a), which provides that an alien may be arrested and detained pending a decision on whether he is to be removed from the United States. (*See generally* ECF No. 1-1 at 30-39, Government's Answer to habeas petition.) Here, Plaintiff was not arrested and detained by ICE because he committed crimes that rendered him removable and/or required his detention under 8 U.S.C. § 1226(c); rather, he was arrested and detained because he overstayed his visa and was subjected to discretionary detention pursuant to 8 U.S.C. § 1226(a). The fact that Plaintiff's asylum application was pending when he was arrested by ICE does not make his arrest unlawful, and Plaintiff has not provided any other facts to suggest that the Deportation Officers arrested him without probable cause. As

such, the claims of unlawful arrest are dismissed <u>without prejudice</u>.[7]

Plaintiff also asserts civil rights claims against Deportation Officer P.L. Zaner, who resides in Alabama. According to the Amended Complaint, Defendant Zaner removed Plaintiff from the Hudson County Correctional Facility to Etowah County Jail in Alabama. On September 11, 2018, Defendant Zaner gave Plaintiff form I-229(a) Warning of Failure to Depart and Instruction Sheet to Detainee Regarding Requirement to Assist in Removal. Both documents were dated September 6, 2018. Plaintiff allegedly did not receive a Notice of Custody Review, and believed he was entitled to a custody review because he had been detained under a final order of removal for more than 90 days. Defendant Zaner allegedly told Plaintiff that he would not receive a custody review and would not be released from immigration detention while his petition for review was pending before the Second Circuit. Defendant Zaner also told Plaintiff that he would not be released from ICE custody because Plaintiff had a warrant from Switzerland and then told Plaintiff: "GET OUT OF MY FACE[.]" He also allegedly told Plaintiff his petition for review would be denied by the Second Circuit and Plaintiff would be deported to Cameroon. (ECF No. 5, Amended Petition at 6-7.) Based on the documents attached to Plaintiff's original complaint, Plaintiff received a "Decision to Continue Detention" letter dated September 17, 2018, indicating that Plaintiff's custody status had been reviewed and

---

[7] Because the Court dismisses the false arrest claims for failure to state a claim for relief, it need not decide whether *Bivens* extends this context or category of Defendants. Plaintiff's remaining allegations against these Defendants are too conclusory to state a claim for relief. Based on the record from Plaintiff's habeas matter, it appears that Defendant Folajaiye signed the Notice to EOIR: Alien Address form which notified the immigration judge that Plaintiff was detained by ICE on August 10, 2017. Defendant Valbrun signed the Notice to Appear dated April 20, 2017. Plaintiff asserts that Defendants Folajaiye and Valbrun signed these documents "illegally[.]" These allegations are conclusory and without sufficient factual basis to state a claim for relief, and the Court will dismiss without prejudice any claims for relief arising from the Defendants' signing of these documents. *See Iqbal*, 556 U.S. at 678.

it was determined that he would not be released from detention. (*See* ECF No.1-1, at 20.)

Although Defendant Zaner may have behaved unprofessionally and/or provided inaccurate

information about Plaintiff's custody review, this type of misconduct, without more, did not

violate Plaintiff's constitutional rights.

Plaintiff further asserts that Defendant Zaner treated Plaintiff differently based on

Plaintiff's race. (ECF No. 5, Amended Complaint at 6-7.) Plaintiff's equal protection claim—to

the extent he asserts one—is dismissed <u>without prejudice</u> as conclusory and without sufficient

factual support. *See Iqbal*, 556 U.S. at 678.

Plaintiff further asserts that Defendant Zaner was deliberately indifferent to his health and

safety. Plaintiff asserts that Defendant Zaner never responded to his request for release based on

his medical condition and that he received no assistance from the medical department at Etowah

County Jail because the medical requests require approval of Deportation Officer Zaner.

Plaintiff appears to assert that Defendant Zaner denied or ignored his request for surgery on his

hip. Although Plaintiff asserts that Defendant Zaner interfered with his medical treatment, he

has attached documents to his Amended Complaint showing that he received medical care for his

left hip while in immigration detention at Etowah County Jail, including medication, an x-ray,

and a recommended course of treatment.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that the state has a

constitutional obligation to provide medical care to convicted prisoners. When the state is

deliberately indifferent to the medical needs of a convicted prisoner, it violates the Eighth

Amendment's prohibition on cruel and unusual punishment. *Id.* at 104, 97 S.Ct. 285. The

Supreme Court subsequently extended the protections for prisoners established in *Estelle* to civil

detainees under the Due Process Clause of the Fourteenth Amendment, reasoning that persons in

civil detention deserve at least as much protection as those who are criminally incarcerated. *See*

*Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982); *City of Revere v. Mass. Gen. Hosp.*, 463

U.S. 239, 244 (1983). In the *Bivens* context, the Supreme Court has previously recognized a

claim under the Eighth Amendment's Cruel and Unusual Punishments Clause for failing to treat

the prisoner's asthma. *See Carlson v. Green*, 446 U.S. 14 (1980)). More recently, the Supreme

Court remanded a Fifth Amendment conditions of confinement claim brought by immigration

detainees, finding that the lower court should have performed a "special factors" analysis before

allowing the claim to proceed.[8] *See Ziglar*, 137 S.Ct. at 1865.

As a general matter, a claim for denial of medical treatment must meet two requirements:

(1) that Plaintiffs had a serious medical need, and (2) that the Defendant(s) acted with deliberate

indifference to such needs. *See Estelle*, 429 U.S. at 105. To the extent, Plaintiff asserts that

Defendant Zaner denied or interfered with his access to medical care under the Fifth

Amendment, the Court will dismiss the claim without prejudice as conclusory and in light of the

fact that Plaintiff has provided exhibits showing that he was receiving medical treatment for his

hip at Etowah Detention Center.[9] Plaintiff appears to assert that Defendant Zaner ignored and/or

denied Plaintiff's request for release from immigration detention based on Plaintiff's medical

condition. Plaintiff asserts that he also wrote to Scott Sutterfield, an ICE Deputy Field Office

Director in the New Orleans Field Office, and asked this Defendant to release him from

---

[8] Because the Court has dismissed Plaintiff's medical claim without prejudice, it need not decide
whether Plaintiff raises a *Bivens* claim in a new context and, therefore, requires a special factors
analysis before creating an implied *Bivens* remedy pursuant to *Ziglar*, 137 S. Ct. 1843.

[9] Having dismissed this claim without prejudice, the Court also need not determine whether it is
properly joined in this action. To the extent Plaintiff seeks leave to submit an Amended
Complaint providing additional facts regarding his conclusory allegations that Defendant Zaner
refused to approve his requests for medical care and/or refused to approve his hip surgery, the
Court may determine that these claims should be filed in the District Court for the Northern
District of Alabama, where the alleged denial of medical care occurred.

detention based on his medical condition(s) and this Defendant allegedly failed to respond. The Constitution requires that prisoners and other incarcerated persons receive adequate medical treatment. The Court is unaware of any constitutional right to be released from immigration detention based on a medical condition.[10] As such, to the extent Plaintiff asserts that his claim to adequate medical treatment includes a right to be released from detention, that claim is dismissed.

Plaintiff also asserts that on September 17, 2018, Defendant Sutterfield signed the notice to continue Plaintiff's detention, despite knowing that Plaintiff was falsely arrested on August 10, 2017. The Court has already rejected Plaintiff's claim that he was falsely arrested on August 10, 2017, and therefore dismisses without prejudice this claim against Defendant Sutterfield.

Similarly, Plaintiff has sued Bryan A. Pitman, an ICE Supervisor in New Orleans for "falsely and illegally sign[ing] a Notice of Failure to Comply Pursuant to 8 C.F.R. 241.4(g)." This claim is dismissed without prejudice as conclusory and lacking in sufficient factual support. *See Iqbal*, 556 U.S. at 678.

Finally, Plaintiff's general assertions that the Defendants "illegally tried to deport plaintiff" and denied him release in violation of the Constitution are wholly conclusory and without any factual support. *See Iqbal*, 556 U.S. at 678. As such, the Court will dismiss without prejudice the claims against all Defendants premised on the illegal attempts to deport Plaintiff and the failure to release Plaintiff on bond, and need not determine at this time whether such

---

[10]Plaintiff's request for parole based on his medical condition(s) appears to be based on 8 U.S.C. § 1182(d)(5)(A), which provides in relevant part: "The Attorney General may ... in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States...." *Id.*; see also 8 C.F.R. § 212.5. The applicable statutory and regulatory provisions vest full discretion for humanitarian parole in the Attorney General, the Secretary of the Department of Homeland Security ("DHS"), and various DHS officials. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(a).

claims could be cognizable under *Bivens*.

**IT IS THEREFORE**, on this ⟍⟍ day of ⟍⟍⟍⟍⟍⟍⟍ , 2019,

**ORDERED** that the legal mail and access to the courts claims against Defendant Khan are **PROCEEDED**; and it is further

**ORDERED** that the remaining claims and Defendants are dismissed **WITHOUT PREJUDICE** for the reasons stated in this Opinion and Order; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States ; and it is further

**ORDERED** that Defendant Khan shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and ' 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service ; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Opinion and Order via regular mail.


                                                Madeline Cox Arleo, District Judge
                                                United States District Court